## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

RYAN ANDERSON, Individually and as
Special Administrator & Executor of the
Estates of Leonard L. Anderson and Carolyn
S. Anderson, both deceased,

  Plaintiff(s)

   vs.

J.J. KANE ASSOCIATES, INC., a foreign
corp. d/b/a J.J. KANE AUCTIONEERS;
EARL W. FIERGE, individually, and d/b/a
FIERGE LANDSCAPING, and/or as an
agent, employee and/ or servant of DIXIE
TREE, LLC, a foreign corp. and DIXIE
TREE, LLC, a foreign corp.; ALTEC
INDUSTRIES, INC., a foreign corp.;
ALTEC, INC., a foreign corp.; and
ERICKSON AUTO PARTS & SALES, INC.
(An Illinois Corp.).

  Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 3:17-CV-50292

**PLAINTIFF DEMANDS TRIAL BY
JURY**

### PLAINTIFF'S FIRST AMENDED COMPLAINT AT LAW

  NOW COMES the Plaintiff, RYAN ANDERSON, Individually and as Special Administrator & Executor of the Estates of Leonard L. Anderson and Carolyn S. Anderson, both deceased, by and through his attorneys, PARENTE & NOREM, P.C., and in his First Amended Complaint At Law against the Defendants states as follows:

### FACTS COMMON TO ALL CLAIMS

1.  That on and before April 5, 2017, and all times relevant decedents, Leonard L. Anderson and Carolyn S. Anderson resided in Henderson County, Illinois and were citizens of the State of Illinois.

2.  That decedents have estates open in the Ninth Judicial Circuit of Henderson County, Illinois under case numbers 17-P-15 and 17-P-14 wherein Letters of Office have been issued appointing plaintiff Ryan Anderson as executor of both estates.

1

3.     That on and before April 5, 2017, and all times relevant, defendant J.J. Kane Associates, Inc. d/b/a J.J. Kane Auctioneers (hereinafter referred to as "JJ Kane")was a New Jersey Corporation authorized and doing business in Winnebago County, Illinois and a citizen of New Jersey, then engaged in the marketing, sales, re-sales, and distribution of various types of industrial equipment and vehicles including but not limited to a Ford F750 Commercial Motor Vehicle (CMV) with a lifting hoist mounted to its chassis, a "Towmaster" commercial trailer, and an aerial utility boom apparatus and utility box not mounted on a truck chassis manufactured by defendant Altec Industries, Inc. and/or Altec, Inc..

4.     That on and before April 5, 2017, and all times relevant, defendant Altec Industries, Inc. a/k/a "Altec" was an Alabama corporation and citizen of Alabama, authorized and doing business in Winnebago County , Illinois as a designer, manufacturer, distributor, and seller of ariel boom units for commercial industry, including the articulating overcenter aerial boom apparatus Model number AA755L, serial number 0808BZ5761, and utility box serial number 97-11914680 09/08 to which it was mounted, that was being transported on a trailer on April 5, 2017, when after striking a bridge overpass, it struck decedents' vehicle and crushed them both to death.

5.     That on and before April 5, 2017, and all times relevant, defendant Altec, Inc. was an Alabama corporation and citizen of Alabama, authorized and doing business in Winnebago, County, Illinois, that shared common stock ownership, board of directors members, corporate officers, and corporate headquarters with defendant Altec Industries, Inc..

6.     That on and before April 5, 2017, and all times relevant, defendant Altec, Inc. owned 100% of the stock of defendant, J.J. Kane Associates, Inc. d/b/a J.J. Kane Auctioneers and was the parent corporation of J.J. Kane Associates, Inc..

7.     That on and before April 5, 2017, and all times relevant, defendant Altec, Inc. directed the operations of defendant J.J. Kane Associates, Inc. through its ownership of stock and equity interests, loaned it money, managed and consulted with it, and represented it in business

2

transactions, all for the benefit of Altec, Inc. the parent corporation.

8. That on and before April 5, 2017, and at all times relevant, defendant J.J. Kane Associates, Inc. was a wholly owned subsidiary of parent corporation defendant Altec Industries, Inc. And/or Altec, Inc. utilized by its parent corporation as a seller, distributor and/or re-seller of its products for and on behalf of its large public utility customers among others.

9. That on and before its March 25, 2017, equipment auction defendant J.J. Kane marketed, auctioned, and offered for sale to the general public the subject aerial boom apparatus, serial number 0808BZ5761, and utility box serial number 97-11914680 09/08 it was mounted on, as a separate item to be disconnected from its truck chassis when provided to the purchaser.

10. That on and before April 5, 2017, and at all times relevant, defendant Erickson Auto Parts & Sales, Inc. was an Illinois Corporation, authorized and doing business in Winnebago County, Illinois and a citizen of Illinois[1].

11. That on and before April 5, 2017, and at all times relevant, defendant Erickson Auto Parts & Sales, Inc. owned, maintained, and/ or possessed a sales/auction yard and facility that it leased and/or otherwise provided to defendant J.J. Kane for consideration at 14354 N. Dearborn Ave., in the County of Winnebago, State of Illinois to engage in its sales, resales, distribution and auction activities.

12. That on and before April 5, 2017, and at all times relevant, defendant Erickson Auto Parts & Sales, Inc. would market various sales for defendant J.J. Kane including the equipment sale of March 25, 2017, and provide loading equipment, personnel, and assistance to J.J. Kane customers that received equipment at the 14354 N. Dearborn facility.

13. That on April 5, 2017, defendant Erickson Auto Parts & Sales, Inc. provided loading

---

[1] With the addition of defendant Erickson Auto Parts & Sales, Inc. , an Illinois corporation and citizen of Illinois this court no longer has diversity jurisdiction of this matter pursuant to 28 U.S.C. sec. 1332. Pursuant to 28 U.S.C. sec. 1447(e) plaintiff requests the matter be remanded back to the Circuit Court of Winnebago County, Illinois from which it was removed.

equipment and personnel to defendant Earl W. Fierge at the aforementioned auction facility to assist in the loading of Altec Industries, Inc. aerial utility boom apparatus and utility box, which had been disconnected from its truck chassis, onto a "Towmaster" commercial trailer resulting in a load in excess of 13 feet 6 inches in height and not properly secured.

14. That on and before April 5, 2017, and at all times relevant, defendant Earl W. Fierge individually and d/b/a Fierge Landscaping was a resident of Mexico, Missouri and a citizen of the State of Missouri.

15. That on or before April 5, 2017, defendant Earl W. Fierge possessed only a Class E driver's license issued by the State of Missouri, a copy of which was provided to J.J. Kane prior him to taking possession of the Ford F-750 Commercial Truck, the "Towmaster" trailer, and aerial utility boom apparatus and utility box previously described.

16. That on April 5, 2017, a Class E license issued by the State of Missouri was not classified as a commercial driver's license (CDL), it was classified as a chauffeur's license, and did not confer the right or qualifications to operate a commercial motor vehicle on the roads of Missouri or Illinois including the Ford F-750 truck provided to Earl W. Fierge by defendant JJ Kane which was used to tow the over height and improperly secured load.

17. That on April 5, 2017, and at all times relevant, defendant Dixie Tree, LLC was a limited liability company formed in the State of Missouri and a citizen of Missouri.


## COUNT I -WRONGFUL DEATH
## J.J. KANE ASSOCIATES, INC. d/b/a/ J.J. KANE AUCTIONEERS

1-17. Plaintiff hereby adopts and incorporates the allegations of common facts to all claims of paragraphs 1-17 in his First Amended Complaint as paragraphs 1-17 of this Count I.

18. This action is for money damages on account of the wrongful deaths of Leonard L. Anderson and his wife Carolyn S. Anderson and is brought to the provisions of 740 ILCS

180/1 et seq.

19. That plaintiff, RYAN ANDERSON, is the duly appointed Special Administrator and Executor of the Estates of Leonard L. Anderson and Carolyn S. Anderson, both deceased, under the orders of the Circuit Court of Winnebago County and Henderson County.

20. That Leonard L. Anderson and Carloyn S. Anderson both died on April 5, 2017, and left as their sole heir and next of kin Ryan Anderson, their only son.

21. That on and prior to April 5, 2017, Defendant J.J. KANE ASSOCIATES, INC. d/b/a J.J. KANE AUCTIONEERS, (hereinafter referred to as "JJ KANE") leased, maintained, managed, possessed, and operated a large public auction and sales facility at 14354 Dearborn Avenue, South Beloit, Illinois, in the County of Winnebago, that specialized in the auction and sale of heavy industrial, construction, and utility equipment including commercial boom trucks, trailers, and utility boxes with aerial boom apparatus.

22. That on or about April 5, 2017, at the aforementioned location, Defendant JJ KANE, as a result of their auction activities, provided a Ford F-750 Commercial Motor Vehicle (CMV) with a lifting apparatus mounted to its chassis, a "Towmaster" commercial trailer, and a utility box and aerial boom apparatus not mounted on a truck chassis, to defendants Earl W. Fierge d/b/a Fierge Landscaping and/or as agent of Dixie Tree, LLC.

23. That as a result of their review of defendant Earl W. Fierge's Class E Missouri driver's license (which is a chauffeur's license) defendant, JJ Kane knew, or in the exercise of reasonable care should have known, Fierge was not properly licensed or qualified to operate the commercial motor vehicle and aerial boom equipment provided to him for transport on the roadways of the State of Illinois by JJ Kane.

24. That on or about April 5, 2017, Defendant JJ KANE, through its employees, servants, and/or agents assisted and/or arranged for assistance for defendant Earl W. Fierge in the loading, attachment, and securement of the aforementioned Ford 750 truck, Towmaster trailer, and utility box with aerial boom apparatus with knowledge that this load was going to be

5

operated on the roadways of the State of Illinois.

25. That defendant, JJ Kane, in its capacity as a subsidiary company of the aerial boom apparatus and utility box manufacturer (Altec Industries, Inc. And/or Altec, Inc.), and as a entity that regularly sell these devices, JJ Kane knew, or reasonably should have known, what was required to safely transport this type of specialized equipment on the roadways of the State of Illinois generally and particularly when it is disconnected from a truck chassis.

26. That at all times relevant, Defendant, JJ KANE, was under a duty to own, operate, and manage it's auction facility and engage in its sales activities of specialized commercial vehicles and aerial boom equipment in a reasonably safe fashion.

27. That at all times relevant, Defendant, JJ Kane, was under a further duty to refrain from entrusting dangerous articles like the Ford F750 commercial truck, the "Towmaster" trailer, and the aerial boom and utility box (not attached to a truck chassis) to a person not qualified or licensed to operate said items on the roadways of the State of Illinois, particularly when these three items can only be assembled for transport in a combination that exceeds 13 feet 6 inches in height.

28. That notwithstanding the above stated duty, the Defendant, JJ KANE, and/or its agents, servants, or employees were guilty of one or more of the following careless and negligent acts or omissions:

    a.    Allowed an improperly secured load to leave its facility contrary and in violation of 625 ILCS 5/15-106, 625 ILCS 5/15-109(b) & 625 ILCS 5/18b-105(b) Part 392 a/k/a 49 CFR 392 et seq. & 625 ILCS 5/18b-105(b) Part 393 a/k/a 49 CFR 393 et seq.;

    b.    Caused an improperly secured load to leave its facility contrary and in violation of 625 ILCS 5/15-106, 625 ILCS 5/15-109(b) & 625 ILCS 5/18b-105(b) Part 392 a/k/a 49 CFR 392 et seq. & 625 ILCS 5/18b-105(b) Part 393 a/k/a 49 CFR 393 et seq.;

    c.    Allowed an over height load to leave its facility contrary and in violation of 625 ILCS 5/15-101(a) & 625 ILCS 5/15-103;

6

d.     Caused an over height load to leave its facility contrary and in violation of 625 ILCS 5/15-101(a) & 625 ILCS 5/15-103;

e.     Improperly secured a load at its facility contrary and in violation of 625 ILCS 5/15-106, 625 ILCS 5/15-109(b), 625 ILCS 5/18b-105(b) Part 392 a/k/a 49 CFR 392 et seq. & 625 ILCS 5/18b-105(b) Part 393 a/k/a 49 CFR 393 et seq.;

f.     Loaded an over height load at its facility contrary and in violation of 625 ILCS 5/15-101(a) & 625 ILCS 5/15-103;

g.     Did not require professional transport of the subject aerial boom apparatus and utility box when defendant knew, or in the exercise of reasonable care should know, that it was necessary for it's safe transport due the to size and configuration of the equipment, including it being disconnected from a truck chassis;

h.     Did not ensure that the aerial boom apparatus and utility box was transported in a reasonably safe manner consistent with how defendant's own parent corporations Altec Industries, Inc. and/or Altec, Inc., the manufacturer, would transport said equipment on a roadway or highway;

i.     Provided a commercial motor vehicle and commercial aerial boom equipment to an operator that was not competent or qualified to operate it on the roadways of the State of Illinois contrary and in violation of 625 ILCS 5/6-104(a), 625 ILCS 5/18b-105(b)Part 391 a/k/a 49 CFR 391 et seq., ANSI A92.2 & ANSI A10.31;

j.     Provided a commercial motor vehicle and commercial aerial boom equipment to an operator that was not properly licensed to operate it on the roadways of the State of Illinois contrary and in violation of 625 ILCS 5/6-101(a), 625 ILCS 5/6-102(2), 625 ILCS 5/6-104(a), 625 ILCS 5/18b-105(b)Part 391 a/k/a 49 CFR 391 et seq., ANSI A92.2 & ANSI A10.31;

k.     Did not properly instruct the operator of commercial aerial boom equipment on its operations or loading prior to providing it to him for transport on the roadways of

7

the State of Illinois contrary and in violation of ANSI A92.2 & ANSI A10.31;

l.     Did not properly warn the operator of commercial aerial boom equipment of its dangerous propensities prior to providing it to him for transport on the roadways of the State of Illinois contrary and in violation of ANSI A92.2 & ANSI A10.31;

m.    Did not properly inspect the load before allowing it to leave the facility;

n.    Did not conduct its auction or sales activities in a reasonably safe fashion;

o.    Did not provide the operations instructions, installation instructions, and/or user manuals to the operator of commercial utility equipment prior to providing it to him for transport on the roadways of the State of Illinois contrary and in violation of ANSI A92.2 & ANSI A10.31;

p.    Did not warn or advise Earl W. Fierge of the maximum allowable height limits in Illinois for travel on Illinois roadways or highways;

29.    That as a direct and proximate result of one ore more of the above-mentioned careless and negligent acts or omissions of the Defendant, JJ KANE, Plaintiff's decedents were caused serious bodily injuries, including being crushed to death, when the aforementioned equipment struck a bridge overpass on US 34 at Lincoln Park Drive, in Knox County, Illinois, became detached from the truck towing it, and killed both decedents who were traveling in their vehicle behind the equipment.

30.    Leonard L. Anderson and Carolyn S. Anderson died as a result of their injuries on April 5, 2017.

31.    As a proximate result of the wrongful deaths of Leonard L. Anderson and Carolyn S. Anderson, their sole heir and next of kin, Ryan Anderson, has suffered substantial pecuniary loss, including the loss of their love, society, companionship, guidance, and services, and has endured and continues to endure substantial grief, sorrow, and mental suffering.

WHEREFORE, the Plaintiff, RYAN ANDERSON, Individually and as Special

Administrator of the Estates of Leonard L. Anderson and Carolyn S. Anderson, both deceased, asks that judgment be entered in his favor and against the defendant, JJ KANE, in a sum in excess of SEVENTY-FIVE-THOUSAND ($75,000.00) DOLLARS, plus the cost of this action.

## COUNT II -SURVIVAL ACT
## J.J. KANE ASSOCIATES, INC. d/b/a/ J.J. KANE AUCTIONEERS

1-30. Plaintiff restates paragraphs one (1) through thirty (30) of Count I as paragraphs 1-30 of this Count II.

31. That on April 17, 2017, Letters of Office were issued by the Ninth Judicial Circuit of Henderson County, Illinois, under court number 17-P-15, appointing Ryan Anderson as Executor of the Estate of Leonard L. Anderson, deceased. This estate remains open.

32. That on April 17, 2017, Letters of Office were issued by the Ninth Judicial Circuit of Henderson County, Illinois, under court number 17-P-14, appointing Ryan Anderson as Executor of the Estate of Carolyn S. Anderson, deceased. This estate remains open.

33. During the time between the initial injury and death of Leonard L. Anderson he endured pain and suffering, extreme emotional distress, loss of a normal life, disfigurement and incurred medical bills for which the Estate seeks damages under the Illinois Survival Act (735 ILCS 5/27-6).

34. During the time between the initial injury and death of Carolyn S. Anderson she endured pain and suffering, extreme emotional distress, loss of a normal life, disfigurement and incurred medical bills for which the Estate seeks damages under the Illinois Survival Act (735 ILCS 5/27-6).

WHEREFORE, the Plaintiff RYAN ANDERSON, Individually and as Special Administrator of the Estates of Leonard L. Anderson and Carolyn S. Anderson, both deceased, asks that judgment be entered in his favor and against the defendant, JJ KANE, in a sum in excess of

SEVENTY-FIVE-THOUSAND ($75,000.00) DOLLARS, plus the cost of this action.

## COUNT III -WRONGFUL DEATH

### EARL W. FIERGE Individually and d/b/a FIERGE LANDSCAPING

1-17.   Plaintiff hereby adopts and incorporates the allegations of common facts to all claims of paragraphs 1-17 in his First Amended Complaint as paragraphs 1-17 of this Count III.

18.   This action is for money damages on account of the wrongful deaths of Leonard L. Anderson and his wife Carolyn S. Anderson and is brought to the provisions of 740 ILCS 180/1 et seq.

19.   That plaintiff, RYAN ANDERSON, is the duly appointed Special Administrator and Executor of the Estates of Leonard L. Anderson and Carolyn S. Anderson, both deceased, under the order of the Circuit Court of Winnebago County.

20.   That Leonard L. Anderson and Carloyn S. Anderson both died on April 5, 2017, and left as their sole heir and next of kin Ryan Anderson, their only son.

21.   That on or about April 5, 2017, Plaintiff's decedents, Leonard L. Anderson and Carolyn S. Anderson were operating a certain motor vehicle, traveling in an westerly direction along and upon US 34 at or near its intersection with the overpass street of Lincoln Park Drive, in Henderson Township, County of Knox, State of Illinois.

22.   That at the aforementioned time and place, Defendant EARL W. FIERGE individually and d/b/a FIERGE LANDSCAPING was operating a certain Ford F750 commercial motor vehicle (CMV) with a lifting arm mounted on it while towing a utility box and aerial boom apparatus loaded on a "Towmaster" trailer, traveling in a westerly direction along and upon US 34, near the Lincoln Park Drive overpass, in Henderson Township, County of Knox, state of Illinois in front of Plaintiff's decedents' vehicle.

20.     That, at the aforementioned time and place, the utility box and aerial boom apparatus loaded on the Towmaster trailer operated by Defendant EARL W. FIERGE struck the highway overpass causing it to detach from the truck towing it and striking the decedents' vehicle with great force and violence.

23.     That at all times relevant, Defendant EARL W. FIERGE, had a duty to operate, manage, maintain, and control the truck and trailer combination with ordinary and reasonable care so as to not cause injury to others.

24.     That at the aforementioned time and place, and notwithstanding the aforesaid duty, Defendant EARL W. FIERGE, then and there carelessly and negligently did, or failed to do, one or more of the following acts and/or omissions:

   a.     Operated the truck trailer combination with reckless disregard of the safety of others, including the decedents, contrary to and in violation of 625 ILCS 5/11-503;

   b.     Operated said truck trailer combination with a careless and negligent disregard for the safety of persons or property, contrary and in violation of 625 ILCS 5/11-503(a);

   c.     Did not retain sufficient and proper control over the operation of said truck trailer combination;

   d      Did not operate said truck trailer combination in a reasonably safe manner so as not to cause injury to the decedents;

   e.     Traveled too fast for road conditions;

   f.     Traveled too fast for load conditions;

   g.     Operated a truck trailer combination he was not licensed to operate contrary and in violation of 625 ILCS 5/6-101(a), 625 ILCS 5/6-102(2), 625 ILCS 5/6-104(a) & 625 ILCS 5/18b-105(b)Part 391 a/k/a 49 CFR 391 et seq.;

   h.     Operated a truck trailer combination he was not competent or qualified to operate contrary and in violation of 625 ILCS 5/6-104(a) & 625 ILCS 5/18b-105(b)Part 391 a/k/a 49 CFR 391 et seq., ANSI A92.2 & ANSI A10.31 ;

   i.     Did not properly secure his load contrary and in violation of 625 ILCS 5/15-106, 625 ILCS 5/15-109(b), 625 ILCS 5/18b-105(b) Part 392 a/k/a 49 CFR 392 et seq. & 625 ILCS 5/18b-105(b) Part 393 a/k/a 49 CFR 393 et seq.;

   j.     Operated an over height truck trailer combination contrary and in violation of 625 ILCS 5/15-101(a) & 625 ILCS 5/15-103;

25. That as a direct and proximate result of one ore more of the above-mentioned careless and negligent acts or omissions of the Defendant, EARL W. FIERGE, Plaintiff's decedents were caused serious bodily injuries including being crushed to death when the aforementioned equipment struck a bridge over US 34 at Lincoln Park Drive, in Knox County, Illinois, became detached from the truck towing it, and killed both decedents who were traveling in their vehicle behind the equipment.

26. Leonard L. Anderson and Carolyn S. Anderson died as a result of their injuries on April 5, 2017.

27. As a proximate result of the wrongful deaths of Leonard L. Anderson and Carolyn S. Anderson, their sole heir and next of kin, Ryan Anderson, has suffered substantial pecuniary loss, including the loss of their love, society, companionship, guidance, and services, and has endured and continues to endure substantial grief, sorrow, and mental suffering.

WHEREFORE, the Plaintiff, RYAN ANDERSON, Individually and as Special Administrator of the Estates of Leonard L. Anderson and Carolyn S. Anderson, both deceased, asks that judgment be entered in his favor and against the defendant, EARL W. FIERGE d/b/a FIERGE LANDSCAPING, in a sum in excess of SEVENTY-FIVE-THOUSAND ($75,000.00) DOLLARS, plus the cost of this action.

## **COUNT IV** -SURVIVAL ACT
## **EARL W. FIERGE d/b/a FIERGE LANDSCAPING**

1-27. Plaintiff restates paragraphs one (1) through twenty seven (27) of Count III as paragraphs 1-27 of this Count IV.

28. During the time between the initial injury and death of Leonard L. Anderson he endured pain and suffering, extreme emotional distress, loss of a normal life, disfigurement and incurred medical bills for which the Estate seeks damages under the Illinois Survival Act

12

(735 ILCS 5/27-6).

29. During the time between the initial injury and death of Carolyn S. Anderson she endured pain and suffering, extreme emotional distress, loss of a normal life, disfigurement and incurred medical bills for which the Estate seeks damages under the Illinois Survival Act (735 ILCS 5/27-6).

WHEREFORE, the Plaintiff RYAN ANDERSON, Individually and as Special Administrator of the Estates of Leonard L. Anderson and Carolyn S. Anderson, both deceased, asks that judgment be entered in his favor and against the defendant, EARL W. FIERGE d/b/a FIERGE LANDSCAPING, in a sum in excess of SEVENTY-FIVE-THOUSAND ($75,000.00) DOLLARS, plus the cost of this action.

## COUNT V -WRONGFUL DEATH
## DIXIE TREE, LLC

1-17. Plaintiff hereby adopts and incorporates the allegations of common facts to all claims of paragraphs 1-17 in his First Amended Complaint as paragraphs 1-17 of this Count V.

18. This action is for money damages on account of the wrongful deaths of Leonard L. Anderson and his wife Carolyn S. Anderson and is brought to the provisions of 740 ILCS 180/1 et seq.

19. That plaintiff, RYAN ANDERSON, is the duly appointed Special Administrator and Executor of the Estates of Leonard L. Anderson and Carolyn S. Anderson, both deceased, under the order of the Circuit Court of Winnebago County.

20. That Leonard L. Anderson and Carolyn S. Anderson both died on April 5, 2017, and left as their sole heir and next of kin Ryan Anderson, their only son.

21. That on or about April 5, 2017, Plaintiff's decedents, Leonard L. Anderson and Carolyn S. Anderson were operating a certain motor vehicle, traveling in an westerly direction along and upon US 34 at or near its intersection with the Lincoln Park Drive overpass, in

13

Henderson Township, County of Knox, State of Illinois.

22.  That at the aforementioned time and place, Defendant EARL W. FIERGE was operating a certain Ford F750 commercial motor vehicle (CMV) with a lifting arm mounted on it while towing a utility box with aerial boom apparatus loaded on a "Towmaster " trailer, traveling in an westerly direction along and upon US 34, near Lincoln Park Drive, in Henderson Township, County of Knox, state of Illinois in front of Plaintiff's decedents' vehicle.

23.  That at all times relevant, Defendant EARL W. FIERGE was operating said truck trailer combination in furtherance of a common interest and/or at the direction of Defendant, DIXIE TREE, LLC, as its agent, employee, and/or servant.

24.  That, at the aforementioned time and place, the utility box and aerial boom apparatus loaded on the Towmaster trailer operated by Defendant EARL W. FIERGE struck the overpass causing it to detach from the truck towing it and striking the Plaintiff's decedents' vehicle with great force and violence.

25.  That at all times relevant, Defendants EARL W. FIERGE and DIXIE TREE, LLC, had a duty to operate, manage, maintain, and control the truck and trailer combination with ordinary and reasonable care so as to not cause injury to others.

26.  That at the aforementioned time and place, and notwithstanding the aforesaid duty, Defendants EARL W. FIERGE and DIXIE TREE, LLC, then and there carelessly and negligently did, or failed to do, one or more of the following acts and/or omissions:

   a.  Operated the truck trailer combination with reckless disregard of the safety of others, including the decedents, contrary to and in violation of 625 ILCS 5/11-503;

   b.  Operated said truck trailer combination with a careless and negligent disregard for the safety of persons or property, contrary and in violation of 625 ILCS 5/11-503(a);

   c.  Did not retain sufficient and proper control over the operation of said truck trailer combination;

   d   Did not operate said truck trailer combination in a reasonably safe manner so as not to cause injury to the decedents;

   e.  Traveled too fast for road conditions;

14

f.     Traveled too fast for load conditions;

g.     Operated a truck trailer combination he was not licensed to operate contrary and in violation of 625 ILCS 5/6-101(a), 625 ILCS 5/6-102(2), 625 ILCS 5/6-104(a) & 625 ILCS 5/18b-105(b) Part 391 a/k/a 49 CFR 391 et seq.;

h.     Operated a truck trailer combination he was not competent or qualified to operate contrary and in violation of 625 ILCS 5/6-104(a) , 625 ILCS 5/18b-105(b)Part 391 a/k/a 49 CFR 391 et seq., ANSI A 92.2 & ANSI A10.31;

i.     Did not properly secure his load contrary and in violation of 625 ILCS 5/15-106, 625 ILCS 5/15-109(b), 625 ILCS 5/18b-105(b) Part 392 a/k/a 49 CFR 392 et seq. & 625 ILCS 5/18b-105(b) Part 393 a/k/a 49 CFR 393 et seq.;

j.     Operated an over height truck trailer combination contrary and in violation of 625 ILCS 5/15-101(a) & 625 ILCS 5/15-103;

27.     That as a direct and proximate result of one ore more of the above-mentioned careless and negligent acts or omissions of the Defendants, EARL W. FIERGE and DIXIE TREE, LLC, Plaintiff's decedents were caused serious bodily injuries including being crushed to death when the aforementioned equipment struck a bridge over US 34 at Lincoln Park Drive, in Knox County, Illinois, became detached from the truck towing it, and killed both decedents who were traveling in their vehicle behind the equipment.

28.     Leonard L. Anderson and Carolyn S. Anderson died as a result of their injuries on April 5, 2017.

29.     As a proximate result of the wrongful deaths of Leonard L. Anderson and Carolyn S. Anderson, their sole heir and next of kin, Ryan Anderson, has suffered substantial pecuniary loss, including the loss of their love, society, companionship, guidance, and services, and has endured and continues to endure substantial grief, sorrow, and mental suffering.

WHEREFORE, the Plaintiff, RYAN ANDERSON, Individually and as Special Administrator of the Estates of Leonard L. Anderson and Carolyn S. Anderson, both deceased, asks that judgment be entered in his favor and against the defendant, DIXIE TREE, LLC, a foreign corporation, in a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS, plus

the cost of this action.

## COUNT VI -SURVIVAL ACT

## DIXIE TREE, LLC

1-28.  Plaintiff restates paragraphs one (1) through twenty eight (28) of Count V as paragraphs 1-28 of this Count VI.

29.  During the time between the initial injury and death of Leonard L. Anderson he endured pain and suffering, extreme emotional distress, loss of a normal life, disfigurement and incurred medical bills for which the Estate seeks damages under the Illinois Survival Act (735 ILCS 5/27-6).

30.  During the time between the initial injury and death of Carolyn S. Anderson she endured pain and suffering, extreme emotional distress, loss of a normal life, disfigurement and incurred medical bills for which the Estate seeks damages under the Illinois Survival Act (735 ILCS 5/27-6).

WHEREFORE, the Plaintiff, RYAN ANDERSON, Individually and as Special Administrator of the Estates of Leonard L. Anderson and Carolyn S. Anderson, both deceased, asks that judgment be entered in his favor and against the defendant, DIXIE TREE, LLC, a foreign corporation, in a sum in excess of SEVENTY-FIVE-THOUSAND ($75,000.00) DOLLARS, plus the cost of this action.

## COUNT VII -WRONGFUL DEATH

## ALTEC INDUSTRIES, INC.-NEGLIGENCE

1-31.  Plaintiff hereby adopts and incorporates the allegations of Count I of paragraphs 1-31 in his First Amended Complaint as paragraphs 1-31 of this Count VII.

32.  That at all times herein mentioned, The Defendant, Altec Industries, Inc., had a duty to

16

design, manufacture, sell, re-sell, and/or lease an articulating overcenter aerial boom device and utility box that was reasonably safe.

33. That the defendant, at the time of design, manufacture, sale, re-sale, and/or lease of the aerial boom device and utility box was guilty of one or more of the following negligent acts or omissions:

    a. Negligently and carelessly designed, manufactured and sold an articulating overcenter aerial boom device and utility box that it knew or should have known, was unsafe, defective, and unreasonably dangerous and created an avoidable hazard, and failed to warn of same; and /or

    b. Negligently and carelessly designed, manufactured and sold an articulating overcenter aerial boom device and utility box that it knew or should have known that the product presented an over the road transport hazard, and knew or should have known that the upper boom securement latching mechanism was inadequate to restrain the aerial boom generally and particularly when not mounted on a truck chassis, and failed to warn of same;

    c. Negligently and carelessly deviated from the standard of care that other manufacturers in the industry followed at the time the product was designed;

34. That as a direct and proximate result of one ore more of the above-mentioned careless and negligent acts or omissions of the Defendant, Altec Industries, Inc. , Plaintiff's decedents were caused serious bodily injuries, including being crushed to death, when the aforementioned equipment struck a bridge overpass on US 34 at Lincoln Park Drive, in Knox County, Illinois, became detached from the truck towing it, and killed both decedents who were traveling in their vehicle behind the equipment.

35. Leonard L. Anderson and Carolyn S. Anderson died as a result of their injuries on April 5, 2017.

36.     As a proximate result of the wrongful deaths of Leonard L. Anderson and Carolyn S. Anderson, their sole heir and next of kin, Ryan Anderson, has suffered substantial pecuniary loss, including the loss of their love, society, companionship, guidance, and services, and has endured and continues to endure substantial grief, sorrow, and mental suffering.

     WHEREFORE, the Plaintiff, RYAN ANDERSON, Individually and as Special Administrator of the Estates of Leonard L. Anderson and Carolyn S. Anderson, both deceased, asks that judgment be entered in his favor and against the defendant, Altec Industries, Inc. , in a sum in excess of SEVENTY-FIVE-THOUSAND ($75,000.00) DOLLARS, plus the cost of this action.

## COUNT VIII -SURVIVAL ACT
## ALTEC INDUSTRIES, INC.-NEGLIGENCE

1-36.    Plaintiff restates paragraphs one (1) through thirty six (36) of Count VII as paragraphs 1-36 of this Count VIII.

37.     That on April 17, 2017, Letters of Office were issued by the Ninth Judicial Circuit of Henderson County, Illinois, under court number 17-P-15, appointing Ryan Anderson as Executor of the Estate of Leonard L. Anderson, deceased. This estate remains open.

38.     That on April 17, 2017, Letters of Office were issued by the Ninth Judicial Circuit of Henderson County, Illinois, under court number 17-P-14, appointing Ryan Anderson as Executor of the Estate of Carolyn S. Anderson, deceased. This estate remains open.

39.     During the time between the initial injury and death of Leonard L. Anderson he endured pain and suffering, extreme emotional distress, loss of a normal life, disfigurement and incurred medical bills for which the Estate seeks damages under the Illinois Survival Act (735 ILCS 5/27-6).

40.     During the time between the initial injury and death of Carolyn S. Anderson she endured pain and suffering, extreme emotional distress, loss of a normal life, disfigurement and

incurred medical bills for which the Estate seeks damages under the Illinois Survival Act (735 ILCS 5/27-6).

WHEREFORE, the Plaintiff  RYAN ANDERSON, Individually and as Special Administrator of the Estates of Leonard L. Anderson and Carolyn S. Anderson, both deceased, asks that judgment be entered in his favor and against the defendant, ALTEC INDUSTRIES, INC., in a sum in excess of SEVENTY-FIVE-THOUSAND ($75,000.00) DOLLARS, plus the cost of this action.

## COUNT IX -WRONGFUL DEATH
## ALTEC INDUSTRIES, INC.-STRICT LIABILITY

1-31.   Plaintiff hereby adopts and incorporates the allegations of Count I of paragraphs 1-31 in his First Amended Complaint as paragraphs 1-31 of this Count IX.

32.   That at all times herein mentioned, The Defendant, Altec Industries, Inc., had a duty to design, manufacture, sell, re-sell, and/or lease an articulating overcenter aerial boom device and utility box that was reasonably safe.

33.   That at the time of design, manufacture, sale, re-sale, and/or lease of the aerial boom device and utility box it was in a defective, unreasonably dangerous condition in that:

   a.   The device lacked an  adequate upper boom securement latching mechanism generally and particularly when the aerial boom and box was not mounted on a truck chassis;

   b.   The failure created an avoidable hazard;

   c.   The defect existed at the time it left the manufacturer;

   d.   At the time of the sale and/or resale of the articulating overcenter aerial boom device and utility box, defendant Altec Industries, Inc. knew or should have known of the danger posed by the device's defect;

19

e.      The danger posed by the device's defect was not obvious to a user absent warning;

f.      At the time of the sale and/or resale of the articulating overcenter aerial boom device and utility box, defendant Altec Industries, Inc. did not pass on existing warnings regarding the device's defect to the buyer;

g.      At the time of the sale and/or resale of the articulating overcenter aerial boom device and utility box defendant Altec Industries, Inc. did not create or include any warnings about the inherent dangers of transporting the device when not mounted on a truck chassis an/or relying on the upper boom securement mechanism for over the road transport in this state; and

h.      The failure to include warnings regarding the device's defect in the sale and/or resale to the buyer created an additional unreasonably dangerous defect.

34.      That as a direct and proximate result of one ore more of the above-mentioned careless and negligent acts or omissions of the Defendant, Altec Industries, Inc. , Plaintiff's decedents were caused serious bodily injuries, including being crushed to death, when the aforementioned equipment struck a bridge overpass on US 34 at Lincoln Park Drive, in Knox County, Illinois, became detached from the truck towing it, and killed both decedents who were traveling in their vehicle behind the equipment.

35.      Leonard L. Anderson and Carolyn S. Anderson died as a result of their injuries on April 5, 2017.

36.      As a proximate result of the wrongful deaths of Leonard L. Anderson and Carolyn S. Anderson, their sole heir and next of kin, Ryan Anderson, has suffered substantial pecuniary loss, including the loss of their love, society, companionship, guidance, and services, and has endured and continues to endure substantial grief, sorrow, and mental suffering.

WHEREFORE, the Plaintiff, RYAN ANDERSON, Individually and as Special Administrator of the Estates of Leonard L. Anderson and Carolyn S. Anderson, both deceased, asks

that judgment be entered in his favor and against the defendant, Altec Industries, Inc. , in a sum in excess of SEVENTY-FIVE-THOUSAND ($75,000.00) DOLLARS, plus the cost of this action.

<u>COUNT X</u> -SURVIVAL ACT

## <u>ALTEC INDUSTRIES, INC.-STRICT LIABILITY</u>

1-36. Plaintiff restates paragraphs one (1) through thirty six (36) of Count IX as paragraphs 1-36 of this Count X.

37. That on April 17, 2017, Letters of Office were issued by the Ninth Judicial Circuit of Henderson County, Illinois, under court number 17-P-15, appointing Ryan Anderson as Executor of the Estate of Leonard L. Anderson, deceased. This estate remains open.

38. That on April 17, 2017, Letters of Office were issued by the Ninth Judicial Circuit of Henderson County, Illinois, under court number 17-P-14, appointing Ryan Anderson as Executor of the Estate of Carolyn S. Anderson, deceased. This estate remains open.

39. During the time between the initial injury and death of Leonard L. Anderson he endured pain and suffering, extreme emotional distress, loss of a normal life, disfigurement and incurred medical bills for which the Estate seeks damages under the Illinois Survival Act (735 ILCS 5/27-6).

40. During the time between the initial injury and death of Carolyn S. Anderson she endured pain and suffering, extreme emotional distress, loss of a normal life, disfigurement and incurred medical bills for which the Estate seeks damages under the Illinois Survival Act (735 ILCS 5/27-6).

WHEREFORE, the Plaintiff RYAN ANDERSON, Individually and as Special Administrator of the Estates of Leonard L. Anderson and Carolyn S. Anderson, both deceased, asks that judgment be entered in his favor and against the defendant, ALTEC INDUSTRIES, INC., in a sum in excess of SEVENTY-FIVE-THOUSAND ($75,000.00) DOLLARS, plus the cost of this action.

## COUNT XI-WRONGFUL DEATH
## ALTEC , INC.-NEGLIGENCE

1-31.    Plaintiff hereby adopts and incorporates the allegations of Count I of paragraphs 1-31 in his First Amended Complaint as paragraphs 1-31 of this Count XI.

32.    That at all times herein mentioned, the defendant, Altec, Inc., had a duty to direct, control, and operate its subsidiary company, defendant, J.J. Kane Associates, Inc. d/b/a J.J. Kane Auctioners, in a reasonably safe fashion.

33.    That notwithstanding the above stated duty, the Defendant, Altec Inc. was guilty of one or more of the following careless and negligent acts or omissions:

a.    Allowed an improperly secured load to leave the JJ Kane facility contrary and in violation of 625 ILCS 5/15-106, 625 ILCS 5/15-109(b), 625 ILCS 5/18b-105(b) Part 392 a/k/a 49 CFR 392 et seq. & 625 ILCS 5/18b-105(b) Part 393 a/k/a 49 CFR 393 et seq.;

b.    Caused an improperly secured load to leave the JJ Kane facility contrary and in violation of 625 ILCS 5/15-106, 625 ILCS 5/15-109(b), 625 ILCS 5/18b-105(b) Part 392 a/k/a 49 CFR 392 et seq. & 625 ILCS 5/18b-105(b) Part 393 a/k/a 49 CFR 393 et seq.;

c.    Allowed an over height  load to leave the JJ Kane facility contrary and in violation of 625 ILCS 5/15-101(a) & 625 ILCS 5/15-103;

d.    Caused an over height  load to leave its JJ Kane contrary and in violation of 625 ILCS 5/15-101(a) & 625 ILCS 5/15-103;

e.    Improperly secured a load at the JJ Kane facility contrary and in violation of 625 ILCS 6/15-106, 625 ILCS 5/15-109(b),  625 ILCS 5/18b-105(b) Part 392 a/k/a 49 CFR 392 et seq. & 625 ILCS 5/18b-105(b) Part 393 a/k/a 49 CFR 393 et seq.;

f.    Loaded an over height load at the JJ Kane facility contrary and in violation of 625 ILCS 5/15-101(a) & 625 ILCS 5/15-103;

g.  Did not require professional transport of the subject aerial boom apparatus and utility box when defendant knew, or in the exercise of reasonable care should know, that it was necessary for it's safe transport due the to size and configuration of the equipment, including it being disconnected from a truck chassis;

h.  Did not ensure that the aerial boom apparatus and utility box was transported in a reasonably safe manner consistent with how defendant, Altec Industries, Inc., the manufacturer, would transport said equipment on a roadway or highway;

i.  Provided a commercial motor vehicle and commercial aerial boom equipment to an operator that was not competent or qualified to operate it on the roadways of the State of Illinois contrary and in violation of 625 ILCS 5/6-104(a), 625 ILCS 5/18b-105(b)Part 391 a/k/a 49 CFR 391 et seq., ANSI A92.2 & ANSI A10.31;

j.  Provided a commercial motor vehicle and commercial aerial boom equipment to an operator that was not properly licensed to operate it on the roadways of the State of Illinois contrary and in violation of 625 ILCS 5/6-101(a), 625 ILCS 5/6-102(2), 625 ILCS 5/6-104(a), 625 ILCS 5/18b-105(b)Part 391 a/k/a 49 CFR 391 et seq.,ANSI 92.2 & ANSI A10.31;

k.  Did not properly instruct the operator of commercial aerial boom equipment on its operations or loading prior to providing it to him for transport on the roadways of the State of Illinois contrary and in violation of ANSI A92.2 & ANSI A10.31;

l.  Did not properly warn the operator of commercial aerial boom equipment of its dangerous propensities prior to providing it to him for transport on the roadways of the State of Illinois contrary and in violation of ANSI 92.2 & ANSI A10.31;

m.  Did not properly inspect the load before allowing it to leave the JJ Kane facility;

n.  Did not conduct its auction or sales activities in a reasonably safe fashion;

o.  Did not provide the operations, instructions and/or user manuals to the operator of commercial utility equipment prior to providing it to him for transport on the

roadways of the State of Illinois contrary and in violation of ANSI A92.2 & ANSI A10.31;

p.      Did not warn or advise Earl W. Fierge of the maximum allowable height limits in Illinois for travel on Illinois roadways or highways;

34.     That as a direct and proximate result of one ore more of the above-mentioned careless and negligent acts or omissions of the Defendant, Altec, Inc. , Plaintiff's decedents were caused serious bodily injuries, including being crushed to death, when the aforementioned equipment struck a bridge overpass on US 34 at Lincoln Park Drive, in Knox County, Illinois, became detached from the truck towing it, and killed both decedents who were traveling in their vehicle behind the equipment.

35.     Leonard L. Anderson and Carolyn S. Anderson died as a result of their injuries on April 5, 2017.

36.     As a proximate result of the wrongful deaths of Leonard L. Anderson and Carolyn S. Anderson, their sole heir and next of kin, Ryan Anderson, has suffered substantial pecuniary loss, including the loss of their love, society, companionship, guidance, and services, and has endured and continues to endure substantial grief, sorrow, and mental suffering.

WHEREFORE, the Plaintiff,    RYAN ANDERSON, Individually and as Special Administrator of the Estates of Leonard L. Anderson and Carolyn S. Anderson, both deceased, asks that judgment be entered in his favor and against the defendant, Altec, Inc. , in a sum in excess of SEVENTY-FIVE-THOUSAND ($75,000.00) DOLLARS, plus the cost of this action.

## COUNT XII -SURVIVAL ACT
## ALTEC, INC.-NEGLIGENCE

1-36.   Plaintiff restates paragraphs one (1) through thirty six (36) of Count XI of his First Amended Complaint as paragraphs 1-36 of this Count XII.

37. That on April 17, 2017, Letters of Office were issued by the Ninth Judicial Circuit of Henderson County, Illinois, under court number 17-P-15, appointing Ryan Anderson as Executor of the Estate of Leonard L. Anderson, deceased. This estate remains open.

38. That on April 17, 2017, Letters of Office were issued by the Ninth Judicial Circuit of Henderson County, Illinois, under court number 17-P-14, appointing Ryan Anderson as Executor of the Estate of Carolyn S. Anderson, deceased. This estate remains open.

39. During the time between the initial injury and death of Leonard L. Anderson he endured pain and suffering, extreme emotional distress, loss of a normal life, disfigurement and incurred medical bills for which the Estate seeks damages under the Illinois Survival Act (735 ILCS 5/27-6).

40. During the time between the initial injury and death of Carolyn S. Anderson she endured pain and suffering, extreme emotional distress, loss of a normal life, disfigurement and incurred medical bills for which the Estate seeks damages under the Illinois Survival Act (735 ILCS 5/27-6).

WHEREFORE, the Plaintiff RYAN ANDERSON, Individually and as Special Administrator of the Estates of Leonard L. Anderson and Carolyn S. Anderson, both deceased, asks that judgment be entered in his favor and against the defendant, Altec, Inc., in a sum in excess of SEVENTY-FIVE-THOUSAND ($75,000.00) DOLLARS, plus the cost of this action.

## COUNT XIII -WRONGFUL DEATH
## J.J. KANE ASSOCIATES, INC.-STRICT LIABILITY

1-31. Plaintiff hereby adopts and incorporates the allegations of Count I of paragraphs 1-31 in his First Amended Complaint as paragraphs 1-31 of this Count XIII.

32. That at all times herein mentioned, The Defendant, JJ Kane Associates, Inc. d/b/a JJ Kane Auctioneers, had a duty to design, manufacture, sell, re-sell, distribute, and/or lease an articulating overcenter aerial boom device and utility box that was reasonably safe.

33. That at the time of design, manufacture, sale, re-sale, and/or lease of the aerial boom device

and utility box it was in a defective, unreasonably dangerous condition in that:

a.   The device lacked an adequate upper boom securement latching mechanism generally and particularly when the aerial boom and box was not mounted on a truck chassis;

b.   The failure created an avoidable hazard;

c.   The defect existed at the time it left the manufacturer;

d.   At the time of the sale and/or resale of the articulating overcenter aerial boom device and utility box, defendant JJ Kane knew or should have known of the danger posed by the device's defect;

e.   The danger posed by the device's defect was not obvious to a user absent warning;

f.   At the time of the sale and/or resale of the articulating overcenter aerial boom device and utility box, defendant JJ Kane did not pass on existing warnings regarding the device's defect to the buyer;

g.   At the time of the sale and/or resale of the articulating overcenter aerial boom device and utility box defendant JJ Kane did not create or include any warnings about the inherent dangers of transporting the device when not mounted on a truck chassis an/or relying on the upper boom securement mechanism for over the road transport in this state; and

h.   The failure to include warnings regarding the device's defect in the sale and/or resale to the buyer created an additional unreasonably dangerous defect.

34.   That as a direct and proximate result of one ore more of the above-mentioned careless and negligent acts or omissions of the Defendant, JJ Kane , Plaintiff's decedents were caused serious bodily injuries, including being crushed to death, when the aforementioned equipment struck a bridge overpass on US 34 at Lincoln Park Drive, in Knox County, Illinois, became detached from the truck towing it, and killed both decedents who were

traveling in their vehicle behind the equipment.

35. Leonard L. Anderson and Carolyn S. Anderson died as a result of their injuries on April 5, 2017.

36. As a proximate result of the wrongful deaths of Leonard L. Anderson and Carolyn S. Anderson, their sole heir and next of kin, Ryan Anderson, has suffered substantial pecuniary loss, including the loss of their love, society, companionship, guidance, and services, and has endured and continues to endure substantial grief, sorrow, and mental suffering.

WHEREFORE, the Plaintiff, RYAN ANDERSON, Individually and as Special Administrator of the Estates of Leonard L. Anderson and Carolyn S. Anderson, both deceased, asks that judgment be entered in his favor and against the defendant, JJ Kane Industries, Inc. d/b/a JJ Kane Auctioneers, in a sum in excess of SEVENTY-FIVE-THOUSAND ($75,000.00) DOLLARS, plus the cost of this action.

## COUNT XIV -SURVIVAL ACT
## JJ KANE ASSOCIATES , INC.-STRICT LIABILITY

1-36. Plaintiff restates paragraphs one (1) through thirty six (36) of Count XIII as paragraphs 1-36 of this Count XIV.

37. That on April 17, 2017, Letters of Office were issued by the Ninth Judicial Circuit of Henderson County, Illinois, under court number 17-P-15, appointing Ryan Anderson as Executor of the Estate of Leonard L. Anderson, deceased. This estate remains open.

38. That on April 17, 2017, Letters of Office were issued by the Ninth Judicial Circuit of Henderson County, Illinois, under court number 17-P-14, appointing Ryan Anderson as Executor of the Estate of Carolyn S. Anderson, deceased. This estate remains open.

39. During the time between the initial injury and death of Leonard L. Anderson he endured pain and suffering, extreme emotional distress, loss of a normal life, disfigurement and incurred medical bills for which the Estate seeks damages under the Illinois Survival Act

(735 ILCS 5/27-6).

40. During the time between the initial injury and death of Carolyn S. Anderson she endured pain and suffering, extreme emotional distress, loss of a normal life, disfigurement and incurred medical bills for which the Estate seeks damages under the Illinois Survival Act (735 ILCS 5/27-6).

WHEREFORE, the Plaintiff RYAN ANDERSON, Individually and as Special Administrator of the Estates of Leonard L. Anderson and Carolyn S. Anderson, both deceased, asks that judgment be entered in his favor and against the defendant, JJ Kane Associates, Inc. d/b/a JJ Kane Auctioneers, in a sum in excess of SEVENTY-FIVE-THOUSAND ($75,000.00) DOLLARS, plus the cost of this action.

## COUNT XV -WRONGFUL DEATH
## ERICKSON AUTO PARTS & SALES, INC.

1-17. Plaintiff hereby adopts and incorporates the allegations of common facts to all claims of paragraphs 1-17 in his First Amended Complaint as paragraphs 1-17 of this Count XV.

18. This action is for money damages on account of the wrongful deaths of Leonard L. Anderson and his wife Carolyn S. Anderson and is brought to the provisions of 740 ILCS 180/1 et seq.

19. That plaintiff, RYAN ANDERSON, is the duly appointed Special Administrator and Executor of the Estates of Leonard L. Anderson and Carolyn S. Anderson, both deceased, under the order of the Circuit Court of Winnebago County.

20. That Leonard L. Anderson and Carolyn S. Anderson both died on April 5, 2017, and left as their sole heir and next of kin Ryan Anderson, their only son.

21. That on or about April 5, 2017, Plaintiff's decedents, Leonard L. Anderson and Carolyn S. Anderson were operating a certain motor vehicle, traveling in an westerly direction along and upon US 34 at or near its intersection with the Lincoln Park Drive overpass, in

28

Henderson Township, County of Knox, State of Illinois.

22. That at the aforementioned time and place, Defendant EARL W. FIERGE was operating a certain Ford F750 commercial motor vehicle (CMV) with a lifting arm mounted on it while towing a utility box and aerial boom apparatus loaded on a "Towmaster " trailer, traveling in an westerly direction along and upon US 34, near Lincoln Park Drive, in Henderson Township, County of Knox, state of Illinois in front of Plaintiff's decedents' vehicle.

23. That at the aforementioned time and place, the utility box and aerial boom apparatus loaded on the Towmaster trailer and operated by Defendant EARL W. FIERGE struck the overpass causing it to detach from the truck towing it and striking the Plaintiff's decedents' vehicle with great force and violence.

24. That on April 5, 2017, prior to Defendant Earl W. Fierge leaving the auction yard at 14354 N. Dearborn Ave. in Winnebago, Illinois, and based upon their ongoing business relationship, defendant Erickson Auto Parts & Sales, Inc., provided a hydraulic loader tractor and an operator to JJ Kane customer and defendant Earl W. Fierge, and assisted him in loading the aforementioned aerial boom apparatus and utility box onto the "Towmaster" trailer in a configuration that exceeded 13 feet 6 inches in height and was not adequately secured.

25. That at all times relevant, Defendant, Erickson Auto Parts & Sales, Inc. through its employees, agents and/or servants, had a duty to act with ordinary and reasonable care so as to not cause injury to others.

26. That at the aforementioned time and place, and notwithstanding the aforesaid duty, Defendant, Erickson Auto Parts & Sales, Inc. then and there carelessly and negligently did, or failed to do, one or more of the following acts and/or omissions:

    a.    Caused an improperly secured load to leave the auction yard contrary and in violation of 625 ILCS 5/15-106, 625 ILCS 5/15-109(b), 625 ILCS 5/18b-105(b) Part 392 a/k/a 49 CFR 392 et seq. & 625 ILCS 5/18b-105(b) Part 393 a/k/a 49 CFR 393 et seq.;

    b.    Allowed an over height load to leave the auction yard contrary and in violation of 625 ILCS 5/15-101(a) & 625 ILCS 5/15-103;

c.  Caused an over height load to leave the auction yard and in violation of 625 ILCS 5/15-101(a) & 625 ILCS 5/15-103;

d.  Improperly secured a load at the auction yard contrary and in violation of 625 ILCS 5/15-106, 625 ILCS 5/15-109(b), 625 ILCS 5/18b-105(b) Part 392 a/k/a 49 CFR 392 et seq. & 625 ILCS 5/18b-105(b) Part 393 a/k/a 49 CFR 393 et seq.;

e.  Loaded an over height load at the auction yard contrary and in violation of 625 ILCS 5/15-101(a) & 625 ILCS 5/15-103;

f.  Did not maintain the auction yard in a reasonably safe fashion;

g.  Did not warn or advise Earl W. Fierge of the maximum allowable height limits in Illinois for travel on Illinois roadways or highways.

27.  That as a direct and proximate result of one ore more of the above-mentioned careless and negligent acts or omissions of the Defendant, Erickson Auto Parts & Sales, Inc., Plaintiff's decedents were caused serious bodily injuries including being crushed to death when the aforementioned equipment struck a bridge over US 34 at Lincoln Park Drive, in Knox County, Illinois, became detached from the truck towing it, and killed both decedents who were traveling in their vehicle behind the equipment.

28.  Leonard L. Anderson and Carolyn S. Anderson died as a result of their injuries on April 5, 2017.

29.  As a proximate result of the wrongful deaths of Leonard L. Anderson and Carolyn S. Anderson, their sole heir and next of kin, Ryan Anderson, has suffered substantial pecuniary loss, including the loss of their love, society, companionship, guidance, and services, and has endured and continues to endure substantial grief, sorrow, and mental suffering.

WHEREFORE, the Plaintiff, RYAN ANDERSON, Individually and as Special Administrator of the Estates of Leonard L. Anderson and Carolyn S. Anderson, both deceased, asks that judgment be entered in his favor and against the defendant, Erickson Auto Parts & Sales, Inc., in a sum in excess of SEVENTY-FIVE-THOUSAND ($75,000.00) DOLLARS, plus the cost of this action.

## COUNT XVI -SURVIVAL ACT

## ERICKSON AUTO PARTS & SALES, INC.

1-28.    Plaintiff restates paragraphs one (1) through twenty eight (28) of Count XV of his First Amended Complaint as paragraphs 1-28 of this Count XVI.

29.    During the time between the initial injury and death of Leonard L. Anderson he endured pain and suffering, extreme emotional distress, loss of a normal life, disfigurement and incurred medical bills for which the Estate seeks damages under the Illinois Survival Act (735 ILCS 5/27-6).

30.    During the time between the initial injury and death of Carolyn S. Anderson she endured pain and suffering, extreme emotional distress, loss of a normal life, disfigurement and incurred medical bills for which the Estate seeks damages under the Illinois Survival Act (735 ILCS 5/27-6).

WHEREFORE, the Plaintiff, RYAN ANDERSON, Individually and as Special Administrator of the Estates of Leonard L. Anderson and Carolyn S. Anderson, both deceased, asks that judgment be entered in his favor and against the defendant, Erickson Auto Parts & Sales, Inc., in a sum in excess of SEVENTY-FIVE-THOUSAND ($75,000.00) DOLLARS, plus the cost of this action.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

                        The Law Offices of
                        PARENTE & NOREM, P.C.

                        */s/Christopher M. Norem*
                        Christopher M. Norem
                        Attorney for Plaintiff

Christopher M. Norem
cn@pninjurylaw.com
Law Offices of
PARENTE & NOREM, P.C.
Attorneys for the Plaintiff
221 North LaSalle Street, 27th Floor
Chicago, Illinois 60601
(312) 641-5926